ERVIN, Judge.
This is a petition for writ of certiorari directed to an opinion and order of the Career Service Commission reinstating respondents Dunlap and Tetstone to their former class of positions retroactive to the date of their dismissal and reimbursing them for any loss resulting from their dismissal. On March 15, 1976, Dunlap, Tet-stone and two other correctional officers escorted an inmate of the Florida State Prison back to his housing wing. Upon their arrival, Dunlap, in the presence of the other officers, counseled the inmate, one Sloan, about his disrespectful attitude. During the comments, according to Dunlap’s testimony, the inmate suddenly lunged forward and was then struck by one of the officers. Shortly afterward, within a period of thirty seconds, he was subdued. The inmate, who had the reputation as a troublemaker and for highly unpredictable behavior, was taken to the prison clinic, examined, and when it was determined he was uninjured, returned to his cell.
Dunlap admitted during the hearing before the Commission that he deliberately falsified his initial report about the incident in which he stated that the inmate had attempted to run to the second floor “pipe alley” and it became imperative to employ minimum force in order to subdue him. Approximately ten days later Dunlap filed an amended report in which he stated that he found it necessary to counsel Sloan because of the arrogant disrespectful attitude Sloan had displayed to the officers. The report stated that during his lecture, Sloan was struck by one of the officers present. The second report said nothing about the inmate lunging prior to the blow inflicted.
Both Dunlap and Tetstone conceded during their testimony that at all times during the incident the inmate was handcuffed with his hands behind him. Dunlap also admitted that he and the other three officers had all agreed to submit initially false reports of the occurrence.
Tetstone also acknowledged that he had filed, as did Sergeant Dunlap, a false incident report. His amended report, like Dunlap’s, made no reference to the inmate lunging prior to the use of physical force. While Tetstone’s second report stated that he had struck Sloan with his open fist in the back and stomach, as well as kicking him while he was down, he denied at the hearing that he struck any blows but admitted that he kicked Sloan once while he was on the floor. Shortly following the filing of the second amended reports, all four officers involved were dismissed by the superintendent for (1) treating an inmate in a cruel or inhuman manner,[1] (2) falsification *610 of reports and records,[2] and (8) unnecessary use of physical force.[3]
The Career Service Commission reversed the dismissals by order dated August 25, 1976.[4] In the portion of the order designated “Conclusions of Law,” the following statement is made: “. . . the appellants may have lacked proper training in preparing reports. . . . ”
Initially the Commission argues this court has no jurisdiction to review the final order from which certiorari is sought since more than thirty days expired before petition for writ of certiorari was filed. The decision to reinstate was made immediately following the hearing on July 22, 1976. The formal order was published August 25, 1976. Motion for rehearing was filed before the order of August 25, 1976 was issued. On October 1, 1976, denial of rehearing was entered and on October 29, 1976, petition for writ of certiorari was filed to review both the August 25, 1976 order and the order denying the motion for rehearing. The Commission additionally argues that as an administrative agency it is without statutory rule making power and therefore is governed by the Model Rules of Procedure, Chapter 28, Florida Administra-five Code. It further states that since there is no provision which permits petitions for rehearing to be filed before administrative tribunals, only the finality of a Section 120.59 order may be reviewed under the Administrative Procedure Act. We consider this argument without merit. Section 120.57(1)(b)(4), Florida Statutes (Supp.1976), provides in part:
“All parties shall have an opportunity to respond, to present evidence and argument on all issues involved, to conduct cross-examination and submit rebuttal evidence, to submit proposed findings of facts and orders, to file exceptions to any order or hearing officer’s recommended order. . . . ” (Emphasis added.)
We deem the order of August 25, 1976, was not “final agency action” as contemplated by Section 120.68(1), Florida Statutes (1975), for the purpose of review since there was a motion for rehearing pending before the Commission prior to the entry of such order. Consequently, the order entered on August 25, 1976 did not become final until the order denying rehearing was entered.
The Department’s dismissals were based upon violations of its own rules, the infraction of any one of which being tanta *611 mount to dismissal.[5] Without considering whether the evidence was sufficiently competent and substantial to support the dismissals for grounds one and three, relating to the degree of force applied, it is clear from this record that both Dunlap and Tet-stone falsified their incident reports. Both correctional officers admitted during the hearing that they had done so. The Commission sought to excuse the officers’ failure to file truthful reports since they “may have lacked proper training in preparing reports. . . . ” In our view it requires no departmental training for a correctional officer to know how to prepare a truthful report.
The Commission’s order of reinstatement appears to be concerned with the harshness of the sanction imposed by the employer. This is not the Commission’s responsibility. As this court has stated on previous occasions:
“. . . sole discretion to determine whether the employee is to be dismissed or suspended is vested in the agency, the only limitation being that the disciplinary action must be for just cause. The role of the Career Service Commission on appeal is to determine whether there existed competent substantial evidence to sustain the action taken by the agency and whether the facts establish ‘just cause’.” State Department of Pol. Conv. v. State Career Serv. Com’n., 320 So.2d 846, 848 (Fla. 1st DCA 1975). Cf., State, Dept. of Adm., Office of Adm. Serv. v. Hunter, 323 So.2d 24 (Fla. 1st DCA 1975).
We hold under the facts of this case petitioner was within its authority to dismiss Dunlap and Tetstone, and that the Commission, finding no error of fact nor of law in the actions of petitioner, erred in ordering reinstatement with full back pay.
Certiorari is granted and the order of the Career Service Commission dated August 25, 1976, as well as the order denying motion for rehearing, are quashed. The cause is remanded with directions that the petitioner’s orders of dismissal be reinstated.
BOYER, C. J., and MILLS, J., concur.

. Rule 10B-13.02(9) of the Department of Health and Rehabilitative Services prohibits an employee from willfully treating an inmate in a cruel or inhuman manner.

. Rule 10B-13.02(13) prohibits employees from falsifying reports and records.

. Rule 10B-13.02(15) permits employees to apply physical force upon inmates only to the degree it appears necessary in self-defense, to prevent escape, to quell a disturbance, etc. The Rule also provides that when force becomes necessary, a detailed written report shall be made by the employee to the superintendent who shall cause an investigation to be made.

. The order’s findings of fact state in part:
“5. Although each of the four officers involved gave a written statement, certain of these statements appeared to be erroneous.
This Commission in its findings has relied upon the testimony presented to it and the demeanor of the witnesses.
* * * * * *
8.This Commission finds that very little formal training is given to a correctional officer when he is employed by the Agency and leaves much to be desired in the way of training. This Commission recognizes that the Agency has limited funds with which to train employees but finds that a more extensive training program could eliminate many of the problems faced by the Agency in keeping qualified correctional officers.
9. The testimony of both of the appellants confirmed that they were afraid of the inmate as he had been known to work his way out of handcuffs before. This Commission finds that Appellant Tetstone was frightened when he responded to a lurch made by Inmate Sloan; that he considered him dangerous; and felt that he was properly'assisting his sergeant when he struck the inmate. Testimony revealed that he was more than willing to take his share of blame for the incident. Although it was evident that Appellant Dunlap assisted in restraining the inmate, no evidence was presented to corroborate that he did, in fact, beat an inmate.
10. This Commission finds that the circumstances which brought on what the Agency has termed ‘excessive force’, justified the action taken by the Appellants on March 15, 1976, in connection with the restraining of Inmate Sloan, and finds no competent, substantial evidence to support the action of the Agency.” (Emphasis added.)

. Rule 10B-13.03, relating to the range of disciplinary actions, provides that violations of the rules may result in such disciplinary sanctions as oral reprimand, written reprimand, reassignment, suspension, reduction in pay, demotion or dismissal.