MELVIN, Judge.
Appellant, by interlocutory appeal, seeks to overturn the order rendered by the trial court December 2, 1977, relating to the modification of security deposits made pursuant to the provisions of Section 713.24, Florida Statutes.
On December 9, 1977, appellant filed an instrument identified as a Motion for Rehearing addressed to said Order of Modification. On January 10, 1978, the court entered its order denying the appellant’s motion. The appellant, on February 8, 1978, filed its notice of interlocutory appeal from the order modifying security deposits. The appeal now considered was filed out of season.
In Wagner v. Bieley, Wagner & Associates, Inc., 263 So.2d 1 (1972), the Florida Supreme Court held:
“Motions for rehearing in trial courts are governed by Rule 1.530(a) and (b), R.C.P., which provides in part:
“ ‘(a) Jury and Non-Jury Actions. A new trial may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony and enter a new judgment.
“ ‘(b) Time for Motion. A motion for a new trial or for rehearing shall be served not later than 10 days after the rendition of verdict in a jury action or the entry of judgment in a non-jury action. . . . ’
“With regard to the meaning and effect of this rule, we agree with the District Court of Appeal, First District, in Home News Publishing Company [v. U—M Publishing, Inc., 246 So.2d 117 (1971)] that:
“ ‘. . . A literal interpretation of the rule would seem to indicate that a motion for rehearing may be directed only to final judgments rendered by a court, since that is the only judicial action specified in the rule authorizing the filing of such a motion. If the rule-making authority had intended to authorize the filing of a motion for rehearing directed to an interlocutory order, it could easily have so provided. Unless the filing of a motion for rehearing to an interlocutory order is authorized by a rule of court promulgated by the rule-making authority, *284 then its filing is improper and would not toll the rendition date of the order or the running of the time for seeking appellate review of the order complained about.’ ”
The interlocutory appeal herein filed is DISMISSED.
SMITH, Acting C. J., and ERVIN, J., concur.