391 So.2d 688 (1980)
SYSTEMS MANAGEMENT ASSOCIATES, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. VV-318.
District Court of Appeal of Florida, First District.
November 4, 1980.
Reconsideration Denied January 16, 1981.
*689 Clinton H. Coulter, Jr., of Duvall & Coulter, Tallahassee, for appellant.
George L. Waas, Asst. Gen. Counsel, Florida Dept. of Health and Rehabilitative Services, Tallahassee, for appellee.

ON MOTION TO DISMISS OR QUASH APPEAL
McCORD, Judge.
By petition for rule determination pursuant to Section 120.56, Florida Statutes, Appellant asserted that there exist two rules within the meaning of Section 120.52(14), Florida Statutes, which have not been duly promulgated as rules pursuant to Section 120.53, Florida Statutes. The Division of Administrative Hearings' ("DOAH") hearing officer entered an order denying Appellant's petition on March 27, 1980. On April 7, 1980, Appellant filed a Motion for Reconsideration with the hearing officer. This motion was subsequently denied by order of the hearing officer on April 16, 1980. The notice of appeal was filed with this Court and with DOAH on May 16, 1980. Appellee now moves to dismiss the appeal because of Appellant's failure to file the appeal within thirty days of the hearing officer's order of March 27, 1980.
Subsections (b) and (c) of Florida Rule of Appellate Procedure 9.110 provide that jurisdiction for review of administrative orders by this Court shall be invoked by filing the notice with either the Clerk of this Court or the clerk of the administrative agency within thirty days of rendition of the order to be reviewed. See, Frank Edelen Buick Co. v. Calvin, 389 So.2d 649 (Fla. 1st DCA 1980). Florida Rule of Appellate Procedure 9.020(g) defines rendition of an order as:
... the filing of a signed, written order with the clerk of the lower tribunal. Where there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, ... the order shall not be deemed rendered until disposition thereof. (Emphasis supplied.)
Therefore, a motion for rehearing must be both timely and authorized in order to fall within the tolling provision of Rule 9.020(g). See, Wagner v. Bieley, Wagner & Associates, Inc., 263 So.2d 1 (Fla. 1972); "M" Enterprises, Inc. v. Baumgartner, 362 So.2d 282 (Fla. 1st DCA 1978); Gordon v. Barley, 383 So.2d 322 (Fla. 5th DCA 1980). There is no language in either Florida Statutes or the Model Rules of Procedure, Chapter 28, Florida Administrative Code, which authorizes a hearing officer to entertain a motion for reconsideration in a § 120.56 proceeding. Further, Florida Rule of Civil Procedure 1.530 has not been made applicable to APA hearings. Hence, such a motion would not toll the rendition date of the order pursuant to Rule 9.020(g).
Appellant relates that Chapter 28, Florida Administrative Code, Model Rules of Procedure, was rewritten, effective March 23, 1980, and the proscription against rehearing or reconsideration which previously *690 appeared in Florida Administrative Code Rule 28-5.25(9) was not readopted as part of the model rules as revised. The result of this deletion, appellant argues, is to authorize motions for rehearing of administrative orders. We do not so construe it. The omission does not create a rule authorizing a petition for rehearing. Even if we construed the omission as authorizing such a motion, we would then be confronted with the problem of timeliness. How long would a litigant have to file a petition for rehearing to an administrative order when no time limit is specified? If we adopted this view, every administrative order would remain open for an indeterminate period for the filing of a petition for rehearing. There would be no finality to any administrative order to which a petition for rehearing was not filed, or, at best, there would be an open question of timeliness of the filing of such a motion under many varying circumstances. The appellate court's jurisdiction should not hinge upon such uncertainty. We are unable to construe the deletion from the model rules of Chapter 28, Florida Administrative Code as enactment of an authorization for the filing of a motion for rehearing which provides no time limit for the filing thereof. We find that the more logical intent of the deletion was to eliminate surplusage or unnecessary language. It should not be necessary to tell a litigant that he cannot toll the finality of an order by filing a motion for rehearing. Unless a rule affirmatively grants the right, he should know that it does not exist. Further, the use of the word "authorized" in Rule 9.020(g) implies that some affirmative language contained in a rule, and not mere silence, is required before such a motion will affect the rendition of an order to which it is addressed. Therefore, since appellant failed to file its notice of appeal within thirty days of the rendition of the order of the hearing officer (March 27, 1980), we do not have jurisdiction of the appeal, and it must be dismissed as untimely.
In so ruling, we have not overlooked this Court's holding in Florida Department of Offender Rehabilitation v. Dunlap, 344 So.2d 608 (Fla. 1st DCA 1977), which might appear to dictate a contrary result. That case, however, found an order was not final "for the purpose of review since there was a motion for rehearing pending before the Commission prior to the entry of such order." In Dunlap, the procedural circumstances were therefore unique and distinguishable from those now presented. In addition, we are presently governed by the 1977 Rules of Appellate Procedure, which were adopted by the Supreme Court to be effective on March 1, 1978. The counterpart to Rule 9.020(g) defining "rendition" was old Rule 1.3. The old rule had no express applicability to orders of administrative agencies but governed only court orders. The new rule specifically applies to both and, as previously stated, requires that the motion for new trial or rehearing, etc., be both authorized and timely for rendition to occur at the time of disposition of such motion.
The motion to dismiss or quash appeal is granted, and the appeal is dismissed.
LARRY G. SMITH and WENTWORTH, JJ., concur.

ORDER ON MOTION FOR RECONSIDERATION
McCORD, Judge.
Appellant contends that this Court, in its original order on the motion to dismiss or quash appeal, overlooked or misapprehended the provisions of § 120.56(5) and § 120.57(1)(b)4. Section 120.56(5) provides:
Hearings held under this provision shall be conducted in the same manner as provided in 120.57 except that the hearing officer's order shall be final agency action. (Emphasis supplied.)
Section 120.57(1)(b)4 provides that:
All parties shall have an opportunity to respond, to present evidence ... to file exceptions to any order or hearing officer's recommended order, ...
Appellant asserts that, when read together, those statutory provisions provide the necessary authorization for the filing of a motion *691 for rehearing after the rendition of a § 120.56 order. We disagree.
Section 120.57 orders are not final agency action but are recommended orders [§ 120.57(1)(b)8] or interlocutory orders to which, according to § 120.57(1)(b)4, exceptions may be filed. Although § 120.56(5) does provide that § 120.56 hearings shall be conducted in the same manner as provided in § 120.57, it also provides that a hearing officer's § 120.56, order is "final agency action." Final agency action is reviewable only by appeal. Section 120.68(1) provides:
"A party who is adversely affected by final agency action is entitled to judicial review ...
Section 120.68(2) provides that such review may be instituted by filing a petition in the appropriate district court of appeal or in the Supreme Court, when provided by law.
In the original order on the motion to dismiss, we discussed our reasons for declining to construe the omission of Florida Administrative Code Rule 28-5.25(9) (which proscribed rehearing or reconsideration of agency orders) from the revised model rules as authorizing a motion for rehearing. That discussion was not intended to indicate and should not be contrued as indicating that an agency could adopt a rule providing for the filing of a motion for rehearing as to final agency action.
Appellant's motion for reconsideration is denied.
Larry G. SMITH, and WENTWORTH, JJ., concur.