429 So.2d 1244 (1983)
DEPARTMENT OF CORRECTIONS, Appellant,
v.
CAREER SERVICE COMMISSION and Maxie Kelly, Appellees.
No. AN-9.
District Court of Appeal of Florida, First District.
March 29, 1983.
Rehearing Denied May 4, 1983.
Rosa Carson, Asst. Gen. Counsel, Dept. of Corrections, Tallahassee, for appellant.
*1245 Jeffrey A. Miller, Asst. Atty. Gen., for appellee Career Service Com'n.
M.W. Kelly, pro se, for appellee Maxie Kelly.
SHIVERS, Judge.
The Department of Corrections (Department) appeals an order from the Career Service Commission (Commission) prohibiting the Department from retroactively collecting from Appellee Kelly Salary overpayments which were paid to him as a Department employee. We reverse.
In September 1980, Kelly received a salary increase which the Department later discovered placed Kelly's salary above that authorized by directives from the Department of Administration (DOA). The Department corrected the salary error effective June 18, 1981, by ordering a reduction in Kelly's salary and by requesting Kelly to make arrangements for the repayment of the past salary overpayments. Kelly then appealed this action to the Commission. On February 16, 1982, the Commission issued an order finding that Kelly had been receiving salary overpayments from September of 1980 until the Department corrected the salary error on February 16, 1982. The Commission further found that while the Department had the authority, pursuant to Rule 22K-10.05(2)(d), Fla. Admin. Code, to correct Kelly's salary prospectively, it did not have the authority to retroactively reduce his salary during the period in which he was receiving salary overpayments. On that basis, the Commission concluded that the Department was prohibited from recovering any salary overpayments which were made to Kelly during the period between September 1, 1980, and June 18, 1981. On February 26, 1982, the Department petitioned the Commission for reconsideration on the ground that Rule 22K-10, Fla. Admin. Code, was applicable to the case and obligated the Department to attempt to reclaim the salary overpayments. On June 3, 1982, the Commission issued an order denying reconsideration, stating that "[t]he State of Florida and its agencies, including the Department of Corrections, are estopped from collecting, or attempting to collect, any alleged overpayments of salary" from Kelly. Thereafter, the Department filed a notice of appeal to this court on June 24, 1982.
On appeal, Kelly contends, citing our decision in Systems Management Association v. State, 391 So.2d 688 (Fla. 1st DCA 1980), that this court is without jurisdiction to hear the appeal because the Department failed to file a notice of appeal within 30 days of the rendition of the Commission's original order. We disagree.
Rule 9.020(g), Fla.R.App.P., defines rendition of an order as:
the filing of a signed, written order with the clerk of the lower tribunal. Where there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing ... the order shall not be deemed rendered until disposition thereof. (emphasis added)
In view of the fact that Florida Rules of Appellate Procedure define a lower tribunal as including an administrative agency, we believe that the tolling provision of Rule 9.020(g) is applicable to final agency action where the agency involved is authorized by rule or statute to entertain motions for rehearing. This view is supported by the Committee Note following Rule 9.020, which states that:
where the lower tribunal is an administrative agency whose rules of practice denominate motions identical to those listed by a different label, the substance of the motion controls and rendition is postponed accordingly.
In this case, Rule 22M-2.13, Fla. Admin. Code, clearly authorizes the Commission to entertain motions for rehearing. Based on this fact, as well as our interpretation of Rule 9.020(g), Fla.R.App.P., we hold that by filing a timely motion for rehearing, the Department tolled the rendition date of the Commission's final order until the Commission disposed of the motion for rehearing. Since the Department filed its notice of appeal within 30 days of the disposition of the motion for rehearing, the notice of appeal *1246 was timely, and therefore, the jurisdiction of this court was properly invoked.
Our holding in this case does not conflict with our holding in Systems Management. In Systems Management, this court reiterated the general rule that in order to toll the rendition date of a final order pursuant to Rule 9.020(g), Fla.R.App.P., the motion for rehearing must be both "timely and authorized." There, the final order was issued by a DOAH Hearing Officer, and Systems Management filed a petition for rehearing which was subsequently denied by order of the hearing officer. Since neither the Florida Statutes nor the model rules of procedure authorized such hearing officers to entertain motions for rehearing, this court held that the motion for rehearing did not toll the rendition date of the final order pursuant to Rule 9.020(g). Based on that finding, we accordingly dismissed Systems Management's appeal as untimely because the notice of appeal was not filed within 30 days of the rendition of the original order of the hearing officer. Our holding in Systems Management did not address the factual situation presented here where the administrative agency is authorized by rule to entertain motions for rehearing. For that reason, our holding in this case is not controlled by our holding in Systems Management, and the two do not conflict. We do not address the validity of the Commission's rule as it has not been raised as an issue on appeal.
We next address the Department's contention that the order of the Commission should be reversed because the Commission was without subject matter jurisdiction to review the action taken by the Department against Kelly. Specifically, the Department contends that while the Commission has jurisdiction over actions taken by the Department which involve "reductions in pay," the Commission does not have jurisdiction over Department action where, as here, the Department attempts to recover "salary overpayments." We agree.
The subject matter jurisdiction of the Commission is established by statute in section 110.305(3), which provides that:
The commission shall hear appeals arising out of any suspension, reduction in pay, transfer, layoff, demotion, or dismissal of any permanent employee in the State Career Service System.
Even though the Department's action could result in a net reduction in Kelly's pay if the Department were successful in recovering the salary overpayments from him, we do not believe that such action by the Department is properly classified as a "reduction in pay." We cannot conclude that the Legislature intended to give a career service employee, such as Kelly, the right to file a grievance appeal before the Commission any time the State attempts to recover salary overpayments which were paid as a result of an administrative or clerical error. In this case, the Department's action was not in any way motivated by a disciplinary purpose. Instead, the sole purpose behind the Department's action was to rectify an administrative error which resulted in Kelly receiving an unlawful salary. Where, as here, there is no question that the Department's action in attempting to recover salary overpayments is the result of an administrative or clerical oversight rather than any disciplinary action, we hold that the Department's action does not fall within the scope of the Commission's jurisdiction. We believe that, under these circumstances, the proper forum for Kelly to pursue review of the Department's action is by way of a 120.57 proceeding as a substantially affected person. For the above reasons, we reverse.
JOANOS, J., concurs.
WENTWORTH, J., dissents with opinion.
WENTWORTH, Judge, dissenting.
I would dismiss the appeal as untimely because Chapter 120, Florida Statutes, does not authorize tolling of the period for appeal of final agency action by any motion. Since the statute affirmatively defines finality of an order[1] without qualification or *1247 delegation of authority to redefine by rule,[2] I would conclude that the rule in question does not have that effect, however useful the rule may be in prescribing a procedure for reconsideration subject to the statutory standards of finality for appeal purposes.
NOTES
[1] § 120.52(9): "... when reduced to writing and filed with the clerk."
[2] An administrative rule may not enlarge the provisions of the Florida Statutes. Seitz v. Duval County School Board, 366 So.2d 119 (Fla. 1st DCA 1979).