ON MOTION TO DISMISS
DOWNEY, Judge.
On July 29, 1982, the Public Employees Relations Commission filed its final order in an unfair labor practice proceeding commenced by Hollywood Fire Fighters Local 1375, AFL-CIO. In that order, PERC adopted the findings and conclusions of a hearing officer that the City of Hollywood had committed an unfair labor practice. The City, being of the opinion that PERC had misapprehended the interrelation of Chapter 447 and Chapter 119, Florida Statutes (1981), filed a motion to extend the time for the City to file a motion for reconsideration. That motion was granted; however, not without caveat. The order expressly stated: “The Commission notes that by granting the motion for extension of time, we do not purport to extend the time for filing a notice of appeal.” The City filed its motion within the extended time, but after the fifteen day period allowed by Florida Administrative Code Rule 38D-15.05(1). The motion to reconsider was denied on August 26,1982, and the City filed this appeal on September 16, 1982, within thirty days from the date of that order of denial but more than thirty days after the July 29th filing date of the final order. The Fire Fighters Union has moved to dismiss this appeal as untimely.
The Fire Fighters Union contends that a) the notice of appeal should have been filed within thirty days of the agency final order of July 29,1982; b) PERC had no authority *81 to grant an extension of time to file the motion for reconsideration; and c) PERC had no authority to enact a rule providing for motions for reconsideration. We accept the union’s first two contentions but reject the third one.
The most specific grant of authority for the Commission to adopt rules is found in Section 447.205, Florida Statutes (1981), which provides for the creation of the Public Employees Relations Commission within the Department of Labor and Employment Security. The powers and duties of that Commission are spelled out in Section 447.-207 and they include, among other things, the power to make rules necessary to accomplish the Commission’s purpose. Subsection 447.207(1), provides:
The commission shall, in accordance with chapter 120, adopt, promulgate, amend, or rescind such rules and regulations as it deems necessary and administratively feasible to carry out the provisions of this part.
Pursuant to that authority, PERC adopted Florida Administrative Code Rule 38D--15.05, which provides in pertinent part:
(1) A written motion for reconsideration may be filed by any aggrieved party within fifteen (15) days after the date of issuance of any written order by the Commission except an order dismissing or denying a motion for reconsideration.
A more general grant of authority for adoption of rules of practice and procedure by administrative agencies is found in the Administrative Procedure Act, Section 120.-53(l)(b) and (c), which requires an agency to:
(b) Adopt rules of practice setting forth the nature and requirements of all formal and informal procedures, including a list of all forms and instructions used by the agency in its dealings with the public. The list of forms and instructions shall include the title of each form or instruction and a statement of the manner in which the form or instruction may be obtained without cost. Each agency shall file with the Department of State a copy of each form used by the agency in its dealings with the public. The department shall immediately send a copy of the form to the committee. A form may become effective no earlier than 20 days after it is filed with the department.
(c) Adopt rules of procedure appropriate for the presentation of arguments concerning issues of law or policy, and for the presentation of evidence on any pertinent fact that may be in dispute.
We have considered the arguments presented by the Union as well as those presented by the City and PERC and perceive no reason for holding that the adoption of a rule providing for reconsideration of written orders of the Commission is improper. On the contrary, there is much to commend the adoption of such a rule. As the City points out in its response to the Union’s motion to dismiss:
PERC is statutorily empowered to' oversee public sector labor relations in the State of Florida. Its purpose is to assist in resolving labor disputes between public employers and their employees in order to protect the public interest.... Thus, PERC must consider three differing interests when exercising its authority. A rule authorizing reconsideration is both reasonable and necessary, especially where PERC has either overlooked or not adequately considered one of those interests.
Granting an extension of time to file this authorized motion for reconsideration, on the other hand, is a different matter. There is no express authority either in the APA, PERC’s rules, or in the Model Rules of Procedure for extending the time for filing such a motion. Nor do we believe the agency has inherent power to do so. By analogizing an agency’s inherent power to that of a court of general jurisdiction, we conclude that if a circuit court cannot extend the time for filing a motion for new trial in a criminal case, then it would seem to follow that an agency cannot extend the time for filing a motion for reconsideration in an administration proceeding. In State *82 v. Robinson, 417 So.2d 760 (Fla. 1st DCA 1982), the appellate court reversed the trial court for granting a new trial pursuant to a motion timely filed within the time allowed by an order of extension but not within the ten days provided by the rule. The court held that the trial court had no authority to extend the time for filing a motion for new trial beyond the ten days provided by the rule.
Summarizing, we hold that PERC had the authority to enact Florida Administrative Code Rule 38D-15.05 allowing for the filing of motions for reconsideration and the timely filing of a motion pursuant to that rule suspends rendition of the order in question until the motion for reconsideration is ruled upon pursuant to Florida Appellate Rule 9.020(g). We further hold that PERC does not have authority to grant an extension of time to file a motion for reconsideration of an order so as to suspend rendition of said order.
In view of the foregoing, the notice of appeal in this case is untimely and we are without jurisdiction. The motion to dismiss is therefore granted and this appeal is dismissed.
GLICKSTEIN and WALDEN, JJ., concur.