SCHWARTZ, Chief Judge.
This court is without jurisdiction to consider the merits of the April 21, 1983 revocation of the appellant’s medical license by the Board of Medical Examiners because the notice of appeal was not filed until June 23,1983. While this was subsequent to the denial, after hearing, of his request for reconsideration, that proceeding did not have the effect of tolling the 30 day appellate period because it was not specifically authorized by statute or rule. Vey v. *279 Bradford Union Guidance Clinic, Inc., 399 So.2d 1137 (Fla. 1st DCA 1981); Systems Management Associates, Inc. v. State Department of Health and Rehabilitative Services, 391 So.2d 688 (Fla. 1st DCA 1980); compare, Department of Corrections v. Career Service Commission, 429 So.2d 1244 (Fla. 1st DCA 1983) (agency rule authorized rehearing)[1]
No other error is demonstrated.
Affirmed.

1. By way of dictum, we would add that the revocation hearing seems to have been conducted in full compliance with Sec. 120.57(2), Fla. Stat. (1981), to the application of which the appellant freely agreed. See City of Punta Gorda v. Public Employees Relations Commission, 358 So.2d 81 (Fla. 1st DCA 1978), cert. denied, 365 So.2d 710 (Fla.1978).