BARFIELD, Judge,
specially concurring.
I concur in the dismissal of the appeal because this court established the determinative criteria for a timely appeal five years ago in Systems Management Associates, Inc. v. State Department of Health and Rehabilitative Services, 391 So.2d 688 (Fla. 1st DCA 1981), in which it recognized the right of an aggrieved party to appeal agency action and implicitly held that due process was thereby afforded. This is, at best, a skeletal form of due process.
It would be inappropriate for this court to destabilize the law by receding from the rule enunciated in Systems Management. Hoffman v. Jones, 280 So.2d 431 (Fla.1973). However, the foundation of the decision in Systems Management appears to have suffered erosion, in that most administrative agencies have not adopted rules to permit them to correct errors in final agency orders. In view of the fact that Systems Management was issued more than five years ago, it is difficult to believe that the agencies are not callously indifferent to, but merely unaware of, the problems caused by the absence of such procedural rules.
No problem persists indefinitely without a solution. It is apparent that this skeletal form of due process provided to litigants in the administrative process is crumbling into a pile of meaningless bones. Were this the Supreme Court of Florida, and not the progenitors of Systems Management, I would be inclined to hold that appellant has been denied due process of law.
My sympathies obviously lie with Judge Zehmer’s dissent, a position with which I was not unfamiliar in its articulation. Accordingly, the certified question is one of immediate and expansive gravamen.