742 So.2d 368 (1999)
DEPARTMENT OF CORRECTIONS, Appellant,
v.
Karen I. SAULTER and Robert W. Saulter, Appellees.
No. 99-0664.
District Court of Appeal of Florida, First District.
August 20, 1999.
Louis A. Vargas, General Counsel, and Maryellen McDonald, Assistant General Counsel, Tallahassee, for appellant.
Ben R. Patterson of Patterson & Traynham, Tallahassee, for appellees.

ON MOTION TO DISMISS
BENTON, J.
The Department of Corrections (DOC) seeks review of a final order entered by the Public Employees Relations Commission (PERC). Karen I. Saulter and Robert W. Saulter, employees whom PERC ordered DOC to reinstate, move to dismiss DOC's appeal from the reinstatement order as untimely. The notice of appeal was filed more than thirty days after the final order was entered, even though it was filed within thirty days of entry of an order on DOC's motion for reconsideration. The Uniform Rules of Procedure promulgated by the Administration Commission in accordance with section 120.54(5)(a), Florida Statutes (1997), do not authorize motions for reconsideration. At issue is whether a previously adopted PERC rule authorizing motions for reconsideration of final orders survived PERC's adoption of the Uniform Rules of Procedure.
In order to secure the judicial review authorized by section 120.68, Florida Statutes (1997), under Florida Rules of Appellate Procedure 9.110(c) and 9.190, a notice of administrative appeal must be filed within thirty days of rendition of an agency order. See generally Hill v. Division of Retirement, 687 So.2d 1376 (Fla. 1st DCA 1997). Florida Rule of Appellate Procedure 9.020(h) provides that an order is rendered "when a signed, written order is filed with the clerk of the lower tribunal." Florida Rule of Appellate Procedure 9.020(e) defines lower tribunal to include agencies and commissions.
DOC's motion for reconsideration served the same function as a motion for rehearing. Florida Rule of Appellate Procedure 9.020(h) delays rendition and tolls the time for taking an appeal when "there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing." The committee note following Florida Rule of Appellate Procedure 9.020(h) states:
[I]f the lower tribunal is an administrative agency whose rules of practice denominate motions identical to those listed [in Florida Rule of Appellate Procedure 9.020(h)] by a different label, the substance of the motion controls and rendition is postponed accordingly.
*369 We have applied these principles in City of Hollywood v. Public Employees Relations Commission, 432 So.2d 79 (Fla. 4th DCA 1983) (holding PERC's reconsideration rule valid), and in Department of Corrections v. Career Service Commission, 429 So.2d 1244 (Fla. 1st DCA 1983) (assuming career service commission's reconsideration rule valid, absent challenge), as well as in Systems Management Associates, Inc. v. State Department of Health and Rehabilitative Services, 391 So.2d 688 (Fla. 1st DCA 1980), where we held that a notice of appeal was untimely, although filed within thirty days of entry of an order on the appellant's motion for reconsideration, because it had not been filed within thirty days of entry of the final order and no rule of practice authorized the filing of motions for reconsideration.
Section 120.54(5)(a)1, Florida Statutes (Supp.1996), which directed the Administration Commission to adopt one or more sets of Uniform Rules of Procedure for filing with the Department of State by July 1, 1997, had as one purpose the reduction of the number of administrative rules. The 1996 revision to the Administrative Procedure Act, of which section 120.54(5)(a)1 was part, see Ch. 96-159 § 10, at 167-69, Laws of Fla., was enacted amid public expressions of concern that Florida had too many administrative rules. The "Governor requested the assistance of the President of the Senate, the Speaker of the House of Representatives, and every member of the Cabinet, to reduce the number of administrative rules by fifty percent within two years." James P. Rhea and Patrick L. "Booter" Imhof, An Overview of the 1996 Administrative Procedure Act, 48 Fla. L.Rev. 1, 10 (Jan.1996). "In order to reduce the number of rules, the Legislature required the use of uniform rules of procedure." Id., at 42.
Section 120.54(5)(a)1, Florida Statutes (Supp.1996), provides: "Upon filing with the department, the uniform rules shall be the rules of procedure for each agency subject to this chapter unless the Administration Commission grants an exception to the agency under this subsection." (Emphasis added.) By July 1, 1998, all agencies had to follow the Uniform Rules of Procedure, rather than procedural rules specific to any particular agency, unless an exception had been granted by the Governor and Cabinet, sitting as the Administration Commission. Id.
By July 1, 1998, if not before, the Uniform Rules of Procedure became PERC's new procedural rules, superseding its prior "non-uniform" rules. As contemplated by section 120.54(5)(a)1, Florida Statutes (Supp.1996), the Administration Commission had adopted Uniform Rules of Procedure, Chapters 28-101 through 28-110, Florida Administrative Code, on April 1, 1997. On November 17, 1997, PERC approved proposed rules repealing most of its prior procedural rules. See 23 Fla. Admin. W. 6519 et seq. (Nov. 26, 1997).
On February 13, 1998, PERC gave notice that it was complying with the Uniform Rules of Procedure. PERC Order No. 98A-026. While section 120.54(5)(a)2, Florida Statutes (Supp.1996), authorizes agencies to file petitions with the Administration Commission seeking exceptions to the Uniform Rules of Procedure, PERC does not dispute the Saulters' representation that PERC has filed no such petition. "Agencies must comply with the uniform rules by July 1, 1998." § 120.54(5)(a)1, Fla. Stat. (Supp.1996).
PERC entered the final order directing DOC to reinstate the Saulters on January 14, 1999. DOC filed a motion for reconsideration on January 27, 1999, within the time Florida Administrative Code Rule 38D-15.005 purported to allow. PERC denied the motion for reconsideration on February 15, 1999, and DOC filed its notice of appeal on February 23, 1999. By operation of law, the Uniform Rules of Procedure had replaced PERC's prior procedural rules, so that they were no longer in effect at any pertinent time. § 120.54(5)(a), Fla. Stat. (Supp.1996).
*370 PERC's failure to initiate formal rule-making to remove Rule 38D-15.005 from the Florida Administrative Code does not negate the legislative repeal that section 120.54(5)(a) effected. The requirement of uniformity is designed to reduce the number of procedural rules and "to end the confusing practice of each agency adopting its own rules of procedure." Donna E. Blanton and Robert M. Rhodes, Florida's Revised Administrative Procedure Act, 70 Fla. B.J. 30, 32 (July/Aug.1996).
DOC contends that it was misled by PERC's failure to resort to rulemaking to remove Rule 38D-15.005 from the Florida Administrative Code, and by reference to the superseded rule in the final order. Unwilling to foreclose any factual showing DOC might be able to make, we do not rule out relief for DOC in collateral proceedings at PERC. See generally Millinger v. Broward County Mental Health Div., 672 So.2d 24, 26-27 (Fla.1996) (stating that "egregious circumstances" may authorize executive branch tribunal, on collateral motion, to enter superseding final order in order to permit belated appeal); Taylor v. Department of Prof'l Regulation, Bd. of Med. Exam'rs, 520 So.2d 557 (Fla.1988) (allowing appeal from amendatory final agency order that corrected clerical error); Etienne v. Simco Recycling Corp., 721 So.2d 399 (Fla. 3d DCA 1998); W.T. Holding, Inc. v. State, Agency for Health Care Admin., 682 So.2d 1224, 1225 (Fla. 4th DCA 1996) (holding agency should enter new order where party "had not received a copy of the final order and had been unaware of its issuance until after the time for appeal had expired"). But we note that DOC is itself subject to the Administrative Procedure Act and charged with knowledge of its provisions.
DOC's notice of appeal was filed more than thirty days after entry of PERC's final order. The Uniform Rules of Procedure make no reference to a motion for reconsideration. This "omission does not create a rule authorizing a petition for rehearing." Systems Management, 391 So.2d at 690. Since the Uniform Rules of Procedure did not authorize DOC's motion for reconsideration, the motion did not toll the time for filing notice of appeal. We do not, therefore, have jurisdiction of the appeal.
Appeal dismissed.
MINER and BROWNING, JJ., concur.