785 So.2d 505 (2000)
Henry CRAWFORD, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
Department Of Corrections, Appellant,
v.
Michael Clark and Ancel Roberts, Appellees.
Nos. 3D99-1704, 3D99-2034 and 3D99-1542.
District Court of Appeal of Florida, Third District.
January 12, 2000.
Rehearing Denied August 16, 2000.
*506 Henry Crawford, in proper person.
J. Yvette Pressley (Tallahassee), for appellant Department of Corrections.
M. Robin Porter, for appellee Department of Children and Families.
H.R. Bishop, Jr. (Tallahassee), for appellees Clark and Roberts.
Stephen A. Meek (Tallahassee), for Public Employees Relations Commission.
Before JORGENSON, COPE, and FLETCHER, JJ.

On Motions to Dismiss
JORGENSON, Judge.
In these consolidated cases, the appellees have moved to dismiss the appeals on the ground that they were not timely filed. For the following reasons, we deny the motions.
Each of these cases originated when employees of State agencies appealed disciplinary orders. The losing parties then sought review by the Public Employees Relations Commission [PERC]. Upon adverse decisions by PERC, the losing parties filed motions for reconsideration. In each case, the motion was denied. Within thirty days of the order denying the motion for reconsideration, the losing parties filed notices of appeal in this court. None of the notices of appeal was filed within thirty days of the final order.
The orders from PERC contained the following provisions:
This order may be appealed to the appropriate district court of appeal. A notice of appeal must be received by the Commission and the district court of appeal within 30 days from the date of this order.
* * *

Alternatively, a motion for reconsideration may be filed. The motion must be received by the Commission within 15 days from the date of this order.... For further explanation, refer to Florida Administrative Code Rule 38D-15.005.
(Emphasis added). Rule 38D-15.005 of the Florida Administrative Code, which deals with proceedings before PERC, provides that
A written motion for reconsideration may be filed by an aggrieved party within fifteen (15) days after the issuance of any written order by the Commission disposing of a case except an order granting, dismissing, or denying a motion for reconsideration.
Fla. Admin. Code R. 38D-15.005(1).
The rule further provides that
In the event that a motion for reconsideration of a dispositive order is timely, then pursuant to Fla. Rule App. Procedure 9.020(g), the order shall not be deemed rendered for purposes of judicial review until the motion for reconsideration is considered and disposed of.
Id.
In sum, both PERC's rules of procedure and the text of the orders it issued provided that motions for reconsideration were authorized. Rule 38D-15.005 provides that a timely motion for reconsideration in effect tolls the time for filing a notice of appeal from a PERC final order.
In each case, the appellees moved to dismiss on the ground that the notices of appeal were not timely filed, and that this court lacked subject matter jurisdiction. They argued that the Uniform Rules of *507 Procedure, which govern all administrative agencies, do not authorize a motion for reconsideration, and that the motions that had been filed before PERC did not toll the time for filing notices of appeal. The Uniform Rules, promulgated pursuant to section 120.54(a), Florida Statutes (1997), nowhere address motions for reconsideration. Such motions are neither prohibited nor specifically authorized; the Uniform Rules are silent on the matter.
Appellees argue that PERC's rule authorizing motions for reconsideration conflicts with the Uniform Rules. They further argue that PERC's rule would only be valid if PERC had sought, and been granted, an exception to the Uniform Rules pursuant to section 120.54(5)(a)1, which provides that
On filing with the department, the uniform rules shall be the rules of procedure ... unless the Administration Commission grants an exception to the agency under this subsection.
We hold that PERC's rule that authorizes motions for reconsideration remains viable and that the appeals in these cases are therefore timely. In so holding, we certify conflict with Department of Corrections v. Saulter, 742 So.2d 368 (Fla. 1st DCA 1999).[1]
The Secretary of the Administration Commission-the very agency charged with adoption of the Uniform Rules of Procedure[2] clarified the scope of those rules and specified when an agency was required to seek an exception.
Petitions for exceptions to the uniform rules are required for agency procedural rules which fall within the subject matter or scope of the existing URP. ... Exceptions to procedural rules which lie beyond the scope of rules contained in the URP should not be required for the following reasons:
(1) The statute does not require exceptions for everything procedural, but rather only for matters which are addressed in the URP. By definition, to be an "exception" to a rule, the rule must apply in the first place.
Memorandum from Robert B. Bradley, Secretary of the Administrations Commission, Exceptions to Uniform Rules of Procedure (March 4, 1998) (emphasis added).
Common sense dictates that if the Uniform Rules of Procedure nowhere address motions for rehearing, then motions for rehearing do not fall within the subject matter or scope of the rules. Accordingly, PERC did not have to apply for or receive an exception to the Uniform Rules to retain and apply its rule authorizing motions for rehearing. See Fla. Admin. Code R. 28-108.001 (1998) ("The agency head shall file a petition with the Administration Commission for an exception to the Uniform Rules of Procedure for all of the agency's procedural rules which fall within the subject matter or scope of any of the individual Uniform Rules of Procedure....") (emphasis added).
Assuming, arguendo, that PERC's rule authorizing motions for rehearing did not survive the adoption of the Uniform Rules of Procedure, these appeals should still not be dismissed as untimely. The orders appealed provide in unequivocal language that "alternatively, a motion for reconsideration may be filed." To penalize these appellants who in good faith *508 relied on that provision would be tantamount to a denial of due process, and would violate fundamental notions of fairness.
MOTIONS TO DISMISS DENIED.
NOTES
[1] In Saulter, the First District held that "since the Uniform Rules of Procedure did not authorize [the agency's] motion for reconsideration, the motion did not toll the time for appeal." Id. at 370.
[2] See § 120.54(5)(a)1, Fla. Stat. (1997).