125 So.2d 745 (1960)
C.O. MILLS, Petitioner,
v.
LARIS PAINTING COMPANY, Respondent.
Supreme Court of Florida.
November 23, 1960.
Rehearing Denied January 23, 1961.
William D. Barfield, Jacksonville, for petitioner.
Harry T. Gray, Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, Paul E. Speh *746 and Burnis T. Coleman, Tallahassee, for respondent.
HOBSON, Justice.
This is a petition for a writ of certiorari to the Florida Industrial Commission to review an order of the full commission which reversed the compensation order of the deputy commissioner and remanded the cause for further proceedings.
The facts are that in July, 1953, the petitioner suffered a back injury which was admittedly compensable. After receiving medical treatment for some time and undergoing a spinal fusion operation, the petitioner was found by his physician in February, 1955, to have reached maximum medical improvement. The petitioner (without benefit of counsel), the employer, and the carrier, thereupon entered into a stipulation wherein it was agreed that the petitioner had derived the maximum benefit of medical care and that he had a twenty-five per cent permanent partial disability, and that the carrier had paid the petitioner for temporary total disability from September, 1953, to February, 1955. This stipulation served as the basis for a compensation order entered on March 10, 1955, which ordered the carrier to pay to the petitioner compensation for permanent partial disability for 87 1/2 weeks. On December 11, 1958, the petitioner filed a petition for modification on the grounds that there was a mistake in determination of fact in the original compensation order in that petitioner had not reached maximum recovery and that total disability had not ended in February, 1955.
In support of the petition for modification, the petitioner testified that he had been unable to work except for short periods of time since his injury. There was also evidence in the form of medical reports tending to show that the spinal fusion had been unsuccessful, and that there was movement in the spine where the bones should have been solidly fused. From this evidence, the deputy commissioner found that petitioner had never reached his maximum medical healing point but had been temporarily totally or temporarily partially disabled since his injury. The deputy ordered the carrier to provide a second fusion operation. He also held that petitioner was entitled to receive compensation for temporary total disability from the original date of disability to the date petitioner shall reach his maximum healing point following the second fusion operation, except for the times during which he was employed or receiving unemployment compensation. Under the terms of the order, such compensation for temporary total disability would not exceed the statutory maximum of 350 weeks, and any amounts paid thereafter would be credited toward whatever amount might be found to be due petitioner for permanent partial disability following his second operation.
Within twenty days following mailing of copies of the deputy's order to the parties,[1] the respondents filed with the deputy commissioner an "Application for Stay and Vacation of Award". The reasons relied upon for the granting of the application were that, following the deputy's award, the petitioner had been re-examined by one of the doctors upon whose reports the deputy had relied, and it was his latest opinion that the spinal fusion was solid. Reconsideration was also asked on the grounds that the deputy had erroneously stated that the carrier had admitted a mistake in the determination of fact in the original award, and that the deputy had mistakenly determined that the commission *747 doctor had found petitioner to be temporarily totally disabled.
The deputy denied the application of the respondent on the grounds that he had no authority to vacate his prior award, and that to do so would be tantamount to a deputy reviewing his own order, when such power is expressly granted by statute to the full commission.
On review by the full commission, it was held that the deputy had erred on the ground which he had used for denying the respondent's Application for Stay and Vacation of Award. The commission then proceeded to review all of the medical reports, including the one made after the deputy's award and upon which the respondent relied, in part, to support his Application for Stay and Vacation of Award. Based on the medical reports, the commission concluded that the deputy had been premature in ordering another fusion operation, in finding that petitioner had never reached maximum recovery, and in awarding further compensation. The full commission reversed and remanded, directing the deputy to order the carrier to provide an exploratory operation, to order payment for temporary total disability for the time petitioner might be in the hospital and to reserve ruling on the other aspects of the case pending the results of the exploratory operation.
The petitioner seeks by writ of certiorari to have this court reverse the order of the full commission and reinstate the order of the deputy commissioner. As grounds therefor, the petitioner urges that the full commission erred in finding error in the deputy's refusal to grant the respondent's Application for Stay and Vacation of Award, since such refusal was not assigned as error by the party seeking review. It is also contended that the commission violated the essential requirements of law by considering matters outside the record and in re-trying the case instead of determining whether there was competent substantial evidence to support the order of the deputy commissioner.
The first contention of the petitioner may be disposed of by stating merely that we have examined the application for review filed by the respondent and we find that the denial by the deputy of the respondent's application for stay and vacation of award was sufficiently assigned as error. The grounds relied on for granting the application for stay and vacation of award were incorporated by reference in the application for review.
We must next focus our attention on the question of whether a deputy commissioner may, within the time prescribed for filing an application for review by the full commission, and before an application for review is filed, entertain an application to vacate or modify his award on the ground of mistake or newly discovered evidence. No such procedure is provided for by the Workmen's Compensation Law, Chapter 440, F.S.A. However, the Industrial Commission has consistently held that a deputy does have such authority. Kendall v. McArthur Jersey Farm Dairy, Inc., Claim Nos. S-33496 and T-95896, Florida Workmen's Compensation Law Annotated, p. 183; Vitello v. Approved Awning & Shutter Co. (1955) 1 FCR 80.
While no case precisely in point has been found, it appears that this position of the commission is amply supported by authorities of other jurisdictions. For example, it has been held that the administrative body charged with the duty of administering the workmen's compensation law has the inherent power, as a judicial agency, to do what it will with its orders erroneously entered, provided it takes such action before the time allowed for appeal from such order has expired. Bly v. Employers' Liability Assurance Corp., Tex. Civ.App. 1944, 181 S.W.2d 878; Summerlin v. Dept. of Labor and Industries, 8 Wash.2d 43, 111 P.2d 603; 100 C.J.S. Workmen's Compensation § 649. See also *748 73 C.J.S. Public Administrative Bodies and Procedure § 156, wherein it is stated: "* * * It has frequently been held that administrative agencies have inherent or implied power, comparable to that possessed by courts, to rehear or reopen a cause and reconsider its action or determination therein, where the proceeding is in essence a judicial one." It is also generally recognized that the power to rehear or reconsider must be exercised before an appeal from the original order of the administrative body has been lodged or before such order has become final by lapse of time without a timely appeal.
It would be well to observe at this juncture that although the petitioner's application was styled "Application for Stay and Vacation of Award," we do not intend to hold hereby that the deputy may per se order a stay in the proceedings so as to extend the time allowed by statute for appeal. If, however, the deputy does vacate his original award, as we hold he has the power to do, the statutory time for appeal would begin from the date copies of the new or modified order are mailed to the parties and a stay would, in effect, result.
It is our opinion that the full commission acted within the essential requirements of law when it held that the deputy commissioner erred in not assuming jurisdiction over the application for vacation of award. Accordingly, so much of the compensation order of the full commission as reversed the deputy's award for failure to assume such jurisdiction is affirmed.
However, after determining that it was error for the deputy to decline to exercise jurisdiction over the application for stay and vacation of award, the full commission proceeded to review the newly presented evidence which the deputy had not considered. In so doing, the commission clearly erred. In United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741, 744, we held that "under the law the deputy commissioner is the only person charged with the burden and responsibility of hearing the witnesses and making findings of fact. It is patent that the full Commission functions much in the same manner as does an appellate court, although it is quasi judicial rather than strictly so." This holding was based on the language of Section 440.25, F.S.A., which provides that the hearing on a compensation claim shall be conducted by a deputy commissioner. If then, the deputy is to act as the sole arbiter of fact, and the full commission as an appellate tribunal, it is manifestly improper for the commission to initially consider evidence on the merits of a claim. The proper procedure in this case would have been for the commission, after having determined that the deputy had erred in refusing to consider the respondent's application, to remand the cause to the deputy for consideration of the new evidence presented by the application. For the commission to initially consider evidence on the merits of the claim constitutes an unwarranted invasion upon the province of the deputy as established by statute. It is essential to the orderly administration of justice within the framework of the Workmen's Compensation Law that there be but one arbiter of fact in each case, and that arbiter, pursuant to the statute, is the deputy. Of course, it is recognized that the full commission, like any appellate court, will at times be called upon to consider for limited purposes, evidence which the trier of fact has not considered. For example, where the deputy has rejected certain evidence as inadmissable, an examination of the proffered evidence might be necessary on appeal to determine whether the deputy had erred in refusing to admit it, and, if so, whether the error was harmful. But in no case may an appellate tribunal initially consider evidence for the purpose of determining the merits of the controversy.
Accordingly, the order of the respondent commission is hereby quashed insofar as it reverses the deputy's disposition of the *749 merits of the case, and the cause is remanded to the deputy commissioner for reconsideration and for further proceedings not inconsistent with this opinion. This disposition of the cause renders it unnecessary for us to determine at this time whether or not the award of the deputy was supported by competent substantial evidence.
It is so ordered.
THOMAS, C.J., and TERRELL, THORNAL and O'CONNELL, JJ., concur.
NOTES
[1] Section 440.25(4) (a), F.S.A., provides in pertinent part: "The compensation order rendered by the deputy commissioner shall become final twenty days after the date copies of same are mailed to the parties at the last known address of each, unless within said time any interested party shall make and file with the commission or a deputy commissioner an application for a review thereof by the full commission in accordance with the provisions of this Subsection * * *."