WENTWORTH, Judge.
Claimant appeals a workers’ compensation order granting employer/carrier’s motion to vacate an order entered 19 days earlier approving a joint petition settlement. We affirm because the prior order had not become a final order under the terms of § 440.25(4)(f), Florida Statutes (1979), and no appeal had been taken. The deputy acted within his authority in vacating the prior order in these circumstances. Mills v. Laris Painting Co., 125 So.2d 745 (Fla.1961).
The deputy determined that the order should be set aside “in order to preserve the rights of the parties . .. and a further hearing scheduled for the purpose of considering the issues raised by the Motion to Vacate.” Those issues related to alleged mutual mistake or misrepresentation by the claimant as to subject matter jurisdiction in the settlement proceeding, because of the claimant’s filing of a “Jones Act” suit after the settlement hearing and before the entry of the order approving settlement based on the same accident. Section 440.09(2) provides that “no compensation shall be payable ... [to] any employee covered by . . . the Jones Act.” This provision is construed to be jurisdictional in nature, Habrew Maritime International v. Williams, IRC Order 2-3673 (Jan. 31, 1979), and the claimant’s pending Jones Act claim in the present case appears to be a reasonable ground for the deputy to reconsider his prior order approving the settlement agreement. For standards applicable to final settlement orders see East v. Pensacola Tractor, 384 So.2d 156 (Fla. 1st DCA 1980), cert. den., 384 So.2d 159 (Fla.1980), and Morgan Yacht v. Edwards, 386 So.2d 883 (Fla. 1st DCA 1980).
We note that the vacating order was entered after a hearing held with less than 15 days’ notice. While § 440.25(3)(a) requires 15 days’ notice, the deputy has discretion to schedule a hearing on shorter notice in appropriate circumstances. See Lundy’s Market Inc. v. Wexler, IRC Order 2-3739 (March 20, 1979). Claimant’s appearance at and participation in the hearing, without raising the notice issue, indicates waiver and further precludes consideration of the issue on appeal. Poinciana Village v. Sustack, IRC Order 2-3676 (January 31,1979); Patterson v. Carnegie, 9 FCR 368 (1976), cert. dismissed 336 So.2d 600 (Fla.1976).
The order appealed is affirmed.
JOANOS, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.