399 So.2d 1137 (1981)
Dr. Joseph VEY, Appellant,
v.
BRADFORD UNION GUIDANCE CLINIC, INC., et al., Appellees.
No. YY-53.
District Court of Appeal of Florida, First District.
June 25, 1981.
Rodney W. Smith, Gainesville, for appellant.
Stephen A. Rappenecker, Norm J. LaCoe, Gainesville, for appellees.
WENTWORTH, Judge.
This is an appeal from an order entered September 3, 1980, by a DOAH hearing officer dismissing Bradford Union Guidance Clinic, Inc. ("BUGC, Inc."), as a party to Chapter 120, Florida Statutes, proceedings before the Florida District III Mental Health Board. The only issues presented here by appellant, Dr. Vey, are (1) that the hearing officer lacked authority to enter the order of September 3, 1980, dismissing BUGC, Inc., upon its motion for rehearing of the order of August 12, 1980, denying such dismissal; and (2) that the September 3 order erroneously found that BUGC, Inc., was not an agency under § 120.57(1), Florida Statutes. We affirm.
An earlier appeal resulted in a decision by this court which reversed the Board's order denying Vey's request for de novo determination of an employment grievance (already heard and denied by a Clinic personnel committee). Vey v. District III Mental Health Board, 376 So.2d 1210 (Fla. 1st DCA 1979). We found that "the Mental Health Board's election to act as a review board was unauthorized by its own rules and by the Administrative Procedure Act, Chapter 120, Florida Statutes. Appellant is entitled to a fair and impartial formal hearing conducted pursuant to the procedures provided by Section 120.57(1)(b), Florida Statutes, ..." Confusion has apparently resulted from the further direction that the proceeding should be conducted before a DOAH hearing officer *1138 as provided by § 120.57(1)(a). Whatever generated that direction, the court held only that the Board's function was not appellate in nature, and that the Board was required, as an agency subject to Chapter 120, to act on Vey's petition after the necessary hearing. The remand plainly permitted determination of all ensuing issues between the parties on both procedure and merits, and the terms of the remand therefore did not pre-determine the issue of employer status for either the Board or clinic, or any other issue beyond that above quoted.
The order now appealed was entered by the hearing officer on September 3, 1980. It recited an August 26 motion by BUGC, Inc. for rehearing of an order entered August 12, 1980, based on motions by the Board and BUGC to dismiss, to which Vey filed no response. The August 12 order made findings from the pleadings and statutes and held (1) that all facts pleaded in the complaint showed Vey's employer was BUGC, Inc., (2) that BUGC was not a state agency, (3) that Vey had no employment relationship with the Board and Vey's petition should be dismissed because "the Board has taken no action ... which will affect Dr. Vey's substantial interest," and:
Had this case not come here via the District Court of Appeal, First District, I would grant the Motions to Dismiss Dr. Vey's Petition. I do not believe that a Section 120.57(1) hearing is the proper forum to resolve employment disputes between private employers and their employees. The Court however, has spoken in this matter and whatever the wisdom of its holding, the decision is the law of this case ... For this reason the Motions to Dismiss must be and are DENIED.
The September 3 order on appeal states:
Because the Clinic was not a party to the case of Vey v. District III Mental Health Board, it is not bound by the rule of that decision. McGregor v. Provident Trust Co. of Philadelphia [119 Fla. 718, 162 So. 323]. For the above reasons and for the reasons set out in the Order of August 12, 1980, . .. It is ORDERED that the Second Amended Complaint inasmuch as it seeks to make the Bradford-Union Clinic, Inc., a party to these proceedings is dismissed. The Second Amended Complaint is not dismissed as to the Respondent, District III Mental Health Board.
Appellant Vey's first issue asserts the hearing officer lacked authority, based on motion for reconsideration, to alter his August 12 order denying motions to dismiss because no statute or rule provides for rehearing motions as to such orders. Conceding the lack of authority for the motion and acknowledging its inefficacy for tolling purposes, we conclude that under the recited circumstances the hearing officer acted properly in re-determining the merits of BUGC's motion to dismiss which had been denied by interlocutory order three weeks earlier. In analogous situations where the lack of provision for reconsideration of an agency order foreclosed any stay of a prior order, the Florida court has recognized an administrative power to control and modify orders by timely action "before an appeal from the original order of the administrative body has been lodged or before such order has become final by lapse of time without a timely appeal." Mills v. Laris Painting Co., 125 So.2d 745 (Fla. 1961), quoting with approval from 73 C.J.S. Public Administrative Bodies and Procedure, § 156. The cited text, § 157, also states "without reference to statutory authority therefor and subject to some restrictions and limitations, it has been held that an administrative agency may correct or amend its orders" within the time they remain under its control, citing Leonard Bros. Transfer & Storage Co. v. Douglass, 32 So. 156, 159 Fla. 510; and State ex rel. Burr v. Seaboard Air Line Ry. Co., 111 So. 391, 93 Fla. 104. Appellant presents no authority or facts countering the application of this principle and we accordingly affirm.
Appellant's second point urges error in the determination that BUGC was not an agency subject to § 120.57(1), Florida Statutes. Section 120.52(1) provides that "agency" means
(a) the governor ... (b) each other state officer and each state department, departmental *1139 unit ..., commission, regional planning agency, board, district, and authority, ... (c) each other unit of government in the state ... to the extent they are expressly made subject to this act... .
The above definition does not in terms encompass a private entity which contractually agrees to provide services for a state agency. In State Road Department v. Cone Brothers Contracting Co., 207 So.2d 489 (Fla. 1st DCA 1968), the court indicated that a private entity which contracted to provide services for a state agency does not thereby become a state agency itself. Under the terms of the agreement in the present case the Mental Health Center was required to honor BUGC's personnel decisions, and, while BUGC received public funding, it was also authorized to receive private payments. The contractual agreement also refers to BUGC as an independent contractor. See also Fla. AGO 078-106 (rendered 8/15/78), expressing the opinion that a private service provider does not become a state agency by subcontracting to perform services for a state agency.
Although this court has previously determined that appellant was entitled to a Chapter 120 hearing, See Vey v. District III Mental Health Board, 376 So.2d 1210 (Fla. 1st DCA 1979), the court at that time did not consider whether appellee clinic, BUGC, was a state agency or a proper party to such proceeding on remand. Appellee was not a party before the district court and the order appealed correctly concluded that the decision had no collateral estoppel or res judicata effect as to appellee. In addition, as above noted, the earlier decision and opinion of this court did not reach the issue of the sufficiency of the petition to assert employer status for the Board, the review being confined to error on the face to the Board's order denying de novo consideration of the petition.
The order appealed is accordingly affirmed.
SHIVERS, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.