DAUKSCH, Judge.
This matter is before us on a petition for writ of common law certiorari. The question for our decision is whether the circuit court departed from the essential requirements of law in dismissing, as untimely, a petition for writ of certiorari to an administrative agency. We hold that it did and grant certiorari.
Petitioners were granted a special exception for their operation of an adult congregate living facility in an agriculturally zoned district which, under the county land development code, would be a variance. On appeal to the Seminole County Board of County Commissioners the above decision of the Board of Adjustments was overturned.
*341 By letter petitioners were notified of the Commissioners’ decision, but the decision was not filed with the clerk of the Board of County Commissioners. Thirty-one days after the oral announcement of the Commissioners’ decision petitioners filed their petition for writ of common law certiorari in the circuit court which sought review of the Commissioners’ decision. The circuit court entered a final order granting respondents’ motion to quash the petition on jurisdictional grounds holding that the petition was untimely filed.
The time for invoking common law certiorari jurisdiction of the circuit court is governed by the Florida Rules of Appellate Procedure by operation of section 59.081, Florida Statutes (1984). Florida Rule of Appellate Procedure 9.100(c) provides that a petition for common law certiorari shall be filed within thirty days of the order to be reviewed. Rendition occurs when a signed written order is filed with the clerk of the lower tribunal. Rule 9.020(g), Fla.R.App.P. In the instant case we hold that the letter sent to the parties informing them of the Commissioners’ decision constitutes a decision reduced to a writing as provided in Rule 9.020(g). We therefore grant the petition and remand the case to the circuit court with directions for it to consider the merits of the previously filed petition for certiorari once the letter is filed with the clerk of Seminole County Board of County Commissioners. See Grady v. Lee County, 458 So.2d 1211 (Fla. 2d DCA 1984).
Writ granted.
FRANK D. UPCHURCH and SHARP, JJ., concur.