Mr. Fred S. Disselkoen, Jr. City Attorney City of Ormond Beach Post Office Box 277 Ormond Beach, Florida 32075
Dear Mr. Disselkoen:
This is in response to your request for an opinion on the following question:
 MAY A MUNICIPAL CODE ENFORCEMENT BOARD ESTABLISHED PURSUANT TO CHAPTER 162, FLORIDA STATUTES, GRANT A VIOLATOR A REHEARING AFTER ENTRY OF AN ORDER FINDING A VIOLATION AND ORDERING CORRECTIVE ACTION AND, IF SO, WHAT IS THE LIMIT FOR SUCH REHEARING REOUEST?
According to your letter, the City of Ormond Beach has established a municipal code enforcement board pursuant to Ch. 162, F.S. You state that the code enforcement board, after entering its order in a recent case finding a code violation and ordering certain actions to be taken to correct the violation, received a request for a rehearing in that case. Your inquiry raises a number of legal issues involving the authority of the board to grant such a rehearing request. You additionally ask whether the city commission could by ordinance remove the right to hear a rehearing request, and whether the city commission could determine by ordinance the time period for the rehearing application.
The issue of the power or authority of an administrative agency or board to grant a request for a rehearing in a case before it has been addressed by the courts. In an early decision on this subject, Mills v. Laris Painting Company, 125 So.2d 745, 747 (Fla. 1960), the Florida Supreme Court stated the general rule: An administrative body charged with the duty of administering a law `has the inherent power, as a judicial agency, to do what it will with its orders erroneously entered, provided it takes such action before the time allowed for appeal from such order has expired.' See also, 73A C.J.S. Public Administrative Law andProcedure s 161 which, in pertinent part, provides: `[I]t has frequently been considered that administrative agencies have inherent or implied power, comparable to that possessed by courts, to rehear or reopen a cause and reconsider its action or determination therein, which it may exercise, in the absence of legislative restriction, or the intervening right of a third person.' And as the court elaborated in the Mills case, the power to rehear or reconsider a matter within its jurisdiction must be exercised before an appeal from the original order has been taken or before the original order has become final by lapse of time without a timely appeal. See also, Vey v. Bradford Union Guidance Clinic, Inc., 399 So.2d 1137 (1 D.C.A. Fla., 1981). Chapter 162, F.S., contains no specific provision pertaining to rehearings by the code enforcement board, however, subsection (1) of s 162.08, F.S., provides that the board shall have the power to adopt rules for the conduct of its hearings.
Thus, it appears that a municipal code enforcement board has the power to rehear or reconsider a matter which is the subject of one of its orders and take remedial action or modify its order if it is deemed necessary; however, such rehearing or reconsideration must be exercised before an appeal has been taken as provided in s162.11, F.S., or the 30 day time period provided by that statute for taking an appeal to the circuit court.
This office has in previous opinion addressed the authority of a municipality to regulate the code enforcement boards or to impose any duties or requirements on such boards. See, AGO 84-55. Chapter 162, F.S., is the `Local Government Code Enforcement Boards Act.' Section 162.01, F.S. Chapter 162 authorizes municipalities and counties to create `administrative boards to provide an equitable, expeditious, effective, and inexpensive method of enforcing the technical codes in counties and municipalities, including, but not limited to, occupational license, fire, building, zoning, and sign codes.' Section 162.02, F.S. In AGO 84-55, this office concluded that local governing bodies do not possess any home rule power over the code enforcement boards or the duties and powers conferred and imposed on such boards by the Legislature. That opinion in reaching its conclusion stated:
 Section 162.03, F.S., gives to local governing bodies the option to create or abolish by ordinance such code enforcement boards, as provided in Ch. 162, but no authority to regulate such boards or their members is delegated to local governments other than as specified in ss 162.03 and 162.05. While s 162.13 permits a local governing body to enforce its codes by means other than those prescribed in ss 162.01-162.12, no provision of Ch. 162 delegates any power to the local governments or their governing bodies to enact any legislation to anywise alter, add to, modify or deviate from the terms of Ch. 162 or to confer any power or impose any duty or requirement upon the code enforcement boards, or their members, or the code inspectors (in their relationship and in their duties with and concerning the boards) provided for in s 162.06, or the legal counsel, provided for in s 162.05(1). The duties, functions and powers of the code enforcement boards are specified in and derived from ss 162.07-162.09, and no power is granted to the local governing bodies to place any additional requirements or impose any additional duties on such boards. . . . (emphasis in original)
Applying the conclusion of AGO 84-55 and the principles discussed therein, I am of the opinion that a municipality has no authority to regulate or limit any procedures of a code enforcement board pertaining to a request for a rehearing. See also, AGO 85-17.
In conclusion, it is therefore my opinion that a municipal code enforcement board has the authority to rehear or reconsider a matter which is the subject of one of its orders and modify its order if necessary; such rehearing or reconsideration must be exercised before an appeal has been taken as provided in s 162.11, F.S., or the 30 day time period provided by that statute for taking an appeal to the circuit court. The governing body of a municipality has no power to remove or restrict the right of a code enforcement board to rehear or reconsider a matter or to set by ordinance the time period for the rehearing application.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General