603 So.2d 641 (1992)
Jackie E. JENKINS, Petitioner,
v.
STATE of Florida, Respondent.
No. 92-862.
District Court of Appeal of Florida, Fifth District.
August 7, 1992.
*642 Jackie E. Jenkins, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
This is a Petition for a Writ of Habeas Corpus seeking the right to file a belated appeal from an order, dated October 4, 1991, denying a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Petitioner Jackie E. Jenkins alleges he is in prison and first received a copy of the October 4, 1991, order on February 3, 1992, and filed an appeal within thirty days of that date.
In response, the state does not deny Jenkins' allegations and alleges, on rebuttal, that the trial court clerk did mail Jenkins a copy of the order denying his 3.850 motion when that order was rendered on October 4, 1991. The address used by the clerk, however, was the Liberty correctional facility address given by Jenkins when he filed his 3.850 motion. At some time prior to receipt of the order, however, Jenkins moved to Baker correctional facility. The clerk's mailing was returned to the court undelivered and the clerk took no further action to redeliver the order. The state contends the lack of a correct address resulted from Jenkins' negligence in failing to notify the court of his correct address and, therefore, Jenkins should be denied relief and the right to appeal. We disagree with the state's position.
Regardless of whom procedural rules direct to take action to implement an accused's legal rights, the ultimate burden is on the state to see that a defendant receives all rights accorded to him by constitution, statute or procedural rule. The failure to receive these rights entitles the defendant to relief.
Jenkins is a convict and in prison. His place of residence and mailing address are both controlled by the state and, while he is in prison, this information is always within the constructive knowledge of all state affiliates and agents.[1]
The petition is granted and Jenkins is permitted to file a belated appeal.[2]
PETITION FOR WRIT OF HABEAS CORPUS FOR BELATED APPEAL GRANTED.
COBB, COWART and GRIFFIN, JJ., concur.
NOTES
[1] Ferrell v. Music, 484 So.2d 595 (Fla. 4th DCA 1985).
[2] Jenkins also relied on the fact that the order denying relief did not contain the requisite notice that he had thirty days from the rendition date of the final order denying relief to appeal, citing Smith v. State, 582 So.2d 796 (Fla. 5th DCA 1991). The omission from the appealed order of notice of the right to appeal is, under the facts of this case, immaterial. Jenkins was not disadvantaged or prejudiced by the omissions in the order because he did not receive the order. The petitioner was procedurally prejudiced by not timely receiving the order at all.