SHIVERS, Senior Judge.
The Division of Retirement appeals an order of the State Retirement Commission awarding in-line-of-duty disability retirement benefits to Charles Lewis on the basis that the Commission erred in the procedure that led to the order. We reject Appellant’s argument and affirm.
Lewis applied for in-line-of-duty retirement benefits after he suffered an injury while performing his duties as a carpenter for the Broward County School Board. The Director of the Division of Retirement denied Lewis’s application, and Lewis filed a petition for a hearing before the State Retirement Commission. After a series of continuances, a hearing was held on August 17, 1993. Lewis presented four exhibits at the hearing, but the Commission refused to accept Exhibits C and D because they were received only eight days before the hearing rather than at least ten days before the hearing as prescribed by the Commission’s rules. The Commission’s Rule 22J-1.0041(3) (now 60R-1.0041(3)), Florida Administrative Code, read as follows:
(3) Witnesses, other than rebuttal witnesses, not listed on the prehearing information sheet, not discussed at the prehear-ing conference, or not made known in writing to the other party at least 10 days prior to the hearing may be precluded from testifying. Any document not identified on the prehearing information sheet, or at a prehearing conference, or made known to the other party at least 10 days prior to the hearing shall be excluded from evidence, except that the chairperson may waive this rule for good cause shown and except that this rule shall not require the exclusion of rebuttal evidence.
and the Commission’s Rule 22J-1.0042 (now 60R-1.0042, Florida Administrative Code, read as follows:
Copies of all documents to be offered in evidence at hearing, including depositions, shall be furnished to the Commission by the offering party at least 10 days prior to the hearing. Documents not furnished to the Commission within the proscribed time limit shall be excluded from evidence at hearing, except that the chairperson may waive this rule for good cause shown and except that this rule shall not require the exclusion of rebuttal evidence.
Lewis’s request for a continuance was denied, and, the Commission also excluded the testimony of one of Lewis’s witnesses, Dr. Fishman, because there was no prior notice that he was to be called, the hearing had been continued multiple times, and the Division would be prejudiced if the doctor had been allowed to testify. After the hearing adjourned, the Commission issued a verbal order denying Lewis’s benefits.
On September 21, 1993, the Commission notified the parties by issuing an “Order of Reconsideration,” that it would be holding a hearing to reconsider the exclusion of evidence because, in making its decision, it failed to consider its computation of time rule, Rule 60R-1.0022, which provides that the last day of any time period shall not be included in computing the due date if it is a Saturday, Sunday, or legal holiday. After considering the arguments presented at the Commission hearing on reconsideration, the Commission issued a subsequent order admitting the previously excluded exhibits into *469 evidence and awarding Lewis in-line-of-duty disability benefits.
Appellant argues on appeal that the issuance of the Order of Reconsideration violated the rules of the Commission, precluded Appellant from receiving a fair and equitable hearing, and violated Chapter 286, Florida Statutes, because the Commission did not hold a meeting to discuss the Order and did not issue notice that this action was to be taken. We disagree. Although the Division is correct that rehearings cannot be granted in administrative proceedings without an authorizing rule, Systems Management Associates, Inc. v. State, Department of Health and Rehabilitative Services, 391 So.2d 688, 690 (Fla. 1st DCA 1980), and that Rule 60R-1.0061(3) provides that the Commission shall not consider motions for rehearing, the Commission’s action did not amount to a rehearing because a final order had not yet been issued at the time of the Commission’s Order of Reconsideration.
This Court has approved the procedure the Commission utilized here in similar circumstances. In Vey v. Bradford Union Guidance Clinic, Inc., 399 So.2d 1137, 1138 (Fla. 1st DCA 1981), this Court approved a Hearing Officer’s redetermination of a motion to dismiss after it had entered an interlocutory order denying the motion. It stated: “the Florida court has recognized an administrative power to control and modify orders by timely action ‘before an appeal from the original order of the administrative body has been lodged or before such order has become final by lapse of time without a timely appeal.’ ” (quoting Mills v. Laris Painting Co., 125 So.2d 745 (Fla.1960)). It also quoted the following discussion with approval: “ “without reference to statutory authority therefor and subject to some restrictions and limitations, it has been held that an administrative agency may correct or amend its orders’ within the time they remain under its control.” Id. See also Mills, 125 So.2d at 747 (“the administrative body charged with the duty of administering the workmen’s compensation law has the inherent power, as a judicial agency, to do what it will with its orders erroneously entered, provided it takes such action before the time allowed for appeal from such order has expired”).
Contrary to the Division’s reasoning, policy reasons also support the Commission’s authority to reconsider its decision before an order has become final. The Order on Reconsideration was issued in order to ensure that Lewis received a fair hearing, a laudable goal that should be encouraged.
Lastly, the Division’s argument that the Chairperson’s action in issuing the Order of Reconsideration violated the Sunshine Law lacks merit. The purpose of the Order was to provide the parties with notice that the Commission would be reconsidering its decision to exclude the evidence in question at an appointed time and place and to give the parties an opportunity to advise the Commission on their positions on the matter. When the Order was issued, the Commission had not yet taken any action other than to decide to revisit the issue of exclusion.
AFFIRMED.
BARFIELD and KAHN, JJ., concur.