682 So.2d 1224 (1996)
W.T. HOLDING, INC., d/b/a/ Aries Retirement Living, Appellant,
v.
STATE of Florida, AGENCY FOR HEALTH CARE ADMINISTRATION, Appellee.
No. 95-4242.
District Court of Appeal of Florida, Fourth District.
November 20, 1996.
*1225 Esther A. Zaretsky of Law Offices of Esther A. Zaretsky, West Palm Beach, for appellant.
Linda L. Parkinson, Senior Attorney, Agency for Health Care Administration, Division of Health Quality Assurance, Orlando, for appellee.
STEVENSON, Judge.
We have for review a final order of the Agency for Health Care Administration dismissing a motion for relief from a final order imposing regulatory fines. We reverse the final order of dismissal and remand for an evidentiary hearing.
In May of 1995, the Agency for Health Care Administration entered a final order imposing fines upon appellant, Aries Retirement Living, for violation of various retirement home regulations. On August 21, 1995, appellant filed a motion seeking relief from the order on the grounds that appellant had not received a copy of the final order and had been unaware of its issuance until after the time for appeal had expired. Appellant requested that the Agency for Health Care Administration reissue the final order, thus, permitting appellant an opportunity to appeal the imposition of the fines.
Consideration of appellant's motion was assigned to the Division of Administrative Hearing (the "DOAH"). Relying upon chapter 120 of the Florida Statutes, the hearing officer found that the Agency did not have the authority to reissue the final order. While we agree that agency reissuance of a final order may not be used to breathe life into an appeal where the notice of appeal is untimely due to the appellant's negligence, reissuance is appropriate where the time to appeal expires before the appellant has notice that the agency has entered the final order.
We envision that there could be a set of egregious circumstances which occur that prevent a litigant from timely filing an appeal that could be remedied by the JCC [Judge of Compensation Claims] or an appellate court. For instance, a due process violation would probably occur if the JCC's order was entered but never actually provided to the litigants, and the thirty-day period to file a timely appeal then passed.
Millinger v. Broward County Mental Health Div. & Risk Management, 672 So.2d 24, 27 (Fla.1996). We find that the present circumstances are precisely those contemplated by the supreme court in Millinger and hold that here the administrative agency does have the authority to reissue a final order despite the lack of a specific grant of such authority in chapter 120.
The hearing officer also found that there was no need for an evidentiary hearing as the certificate of service on the final order created a presumption that appellant had received it, which could not be overcome. This, however, is an incorrect statement of the law. Certainly, it is true that proof of mailing of a document to the correct address creates a presumption that the item mailed was, in fact, received. See Brown v. Giffen Indus., Inc., 281 So.2d 897, 900 (Fla.1973); Camerota v. Kaufman, 666 So.2d 1042, 1045 (Fla. 4th DCA 1996). This presumption, however, is a rebuttable one. Scutieri v. Miller, 584 So.2d 15, 16 (Fla. 3d DCA 1991). "[T]he denial of receipt does not automatically overcome the presumption but instead creates a question of fact which must be resolved by the trial court." Id. It was error for the hearing officer to deny appellant the opportunity to prove that it had not received *1226 the final order and/or that it had no notice that the final order had been issued.
Accordingly, we reverse the Agency for Health Care Administration's final order denying appellant's motion for relief and remand with instructions that the Agency conduct an evidentiary hearing on the issue of whether appellant received a copy of the final order and/or had other notice of entry of the agency's final order.
REVERSED and REMANDED.
WARNER and PARIENTE, JJ., concur.