COPE, J.
Raymond and Joann Chappell (“the homeowners”) appeal an order denying reimbursement under the Construction Industries Recovery Fund. We conclude that the homeowners are entitled to reimbursement under the facts of this case, and reverse the order now under review.
*340 The 1993 legislature created the Construction Industries Recovery Fund. Ch. 93-166, § 21, Laws of Fla. (codified as §§ 489.140-.142, Fla. Stat. (1993)). It is intended to provide reimbursement to individuals who, among other things, have recovered a judgment based on a construction contract, but have been unable to collect the judgment despite diligent efforts to do so. See § 489.141, Fla. Stat. (2002). The money for the Fund is obtained by a surcharge levied on building permits. § 489.140(2), Fla. Stat. (2002).
The question before us is whether the homeowners’ contract is covered by the Fund. The Fund will provide reimbursement “where the contract was executed and the violation occurred on or after July 1,1993.Id. § 489.141(1)(a).
In this case, the homeowners’ home was damaged by Hurricane Andrew. In December 1992, the homeowners entered into a contract to repair it. Since this was prior to July 1,1993, the basic construction contract is clearly not covered by the statute.
However, on July 7, 1993, the homeowners and contractor entered into a change order for modifications to other parts of the home. The change order contemplated over $25,000 of additional work.
Because the work had not been satisfactorily completed, the homeowners withheld final payment. In 1994, the contractor sued the homeowners, and they counterclaimed for defective work. Ultimately the homeowners recovered a judgment against the contractor for $10,321.95.
The homeowners were unsuccessful in collecting the judgment from the contractor. They applied for reimbursement to the Fund.
After considering the recommendation of an administrative law judge, the Fund concluded that the homeowners were not entitled to reimbursement. The Fund reached that conclusion because in its view, the July 7, 1993 change order related back to the original contract date of December 1992. The Fund therefore concluded that the homeowners were not entitled to reimbursement. The homeowners have appealed.
We must respectfully disagree with the conclusion reached by the Fund. We do so because this is a remedial statute and it should be liberally construed to achieve its intended purpose. See Irven v. Department of Health and Rehabilitative Servs., 790 So.2d 403, 405 (Fla.2001); Hutchison v. Prudential Ins. Co., 645 So.2d 1047, 1049 (Fla. 3d DCA 1994). “As a remedial act, the statute should be construed liberally in favor of granting access to the remedy.” Martin County v. Edenfield, 609 So.2d 27, 29 (Fla.1992) (citation omitted).
In this case the change order is a written document signed by the parties which adds approximately $25,000 in new construction, over and above the work encompassed by the original contract. We think the better view of the legislative intent is that the statute covers contractual undertakings entered into after July 1, 1993, whether done in the form of a free-standing contract or in the form of a change order. Consequently, we conclude that the work encompassed by the change order is eligible for reimbursement by the Fund.
The statute also requires that the violation occur subsequent to July 1, 1993. The administrative law judge in this case made a finding that the work had been performed prior to the execution of the change order. The homeowners argue that this finding by the administrative law judge is not supported by competent substantial evidence, for it fails to take into *341 account the contractor’s concessions on cross-examination, as well as concessions or statements made in the earlier civil lawsuit. We understand the Department to agree with the homeowners’ position on this point. It follows that the homeowners are entitled to reimbursement from the Fund.
The homeowners argue that we should interpret the right to reimbursement under section 489.141 as including a right of the homeowners to be reimbursed for the attorney’s fees incurred in making the claim against the Fund, and on this appeal. We are unable to imply such a right based on the statutory language the legislature used. Where the legislature wishes to create an entitlement to an award of attorney’s fees, it customarily includes a specific attorney’s fee provision in the statutes. Conceivably this is an issue the legislature may wish to consider, but there is no provision for an award of attorney’s fees at this time.*
Revised and remanded for entry of a reimbursement award in favor of the homeowners.

 The homeowners' alternative claim under subsection 57.105(1), Florida Statutes, is without merit.