854 So.2d 780 (2003)
Lester SMULL, Appellant,
v.
The TOWN OF JUPITER, a Florida municipal corporation, Appellee.
No. 4D02-1818.
District Court of Appeal of Florida, Fourth District.
September 3, 2003.
*781 Robert W. Wilkins of Berrocal & Wilkins, P.A., Jupiter, for appellant.
Thomas J. Baird of Thomas J. Baird, P.A., Palm Beach, for appellee.
WARNER, J.
This is an appeal from a summary judgment denying appellant's petition for writ of prohibition in which he sought to prevent the Jupiter Town Council from reconsidering its approval of a permit application. The trial court determined that the Town had authority to reconsider its decision within the time permitted for an appeal from the agency's original order. Appellant contends that the time for appeal as set forth in the Town Code had run, and thus the council lacked jurisdiction to reconsider its decision. However, we conclude that the time for seeking review is governed by the Rules of Appellate Procedure and runs from the rendition of the order sought to be appealed. As the reconsideration was timely made, we affirm.
Appellant Smull applied to the Town of Jupiter for a building permit to construct a canopy over his marina slip. After the Town's Planning and Zoning Division rejected the application, Smull appealed the decision to the Town Council. The Council held a quasi-judicial hearing on Smull's appeal on December 7, 1999. At the hearing, Smull's counsel informed the Council that Smull obtained approval for the canopy from the condominium association in which he lived and that the association had amended its declaration to accommodate Smull's canopy. The Council then granted Smull's appeal and approved the building permit. No written ruling was prepared or filed with the Town Clerk to memorialize the decision.
Subsequently, the condominium association notified the Town that it withdrew its approval of Smull's canopy and vacated the amendment to the declaration. At a meeting on January 4, 2000, the Town Council voted to reconsider its approval of Smull's building permit. It did not actually conduct a hearing or render a new decision on that date. Instead, it sought to reschedule *782 a hearing on the issue. Smull then filed a petition for writ of prohibition contending that the Council had no jurisdiction to reconsider its prior ruling. The trial court granted the Town's motion for summary judgment, concluding that the Town still had jurisdiction over Smull's appeal when it ordered the rehearing. Thus, the Council had the inherent power to reconsider its previous vote. Smull appeals that ruling.
Smull makes two arguments. First, he contends that the Town has authority to reconsider one of its decisions only during the session in which the decision was made. Second, he contends that even if it could reconsider a decision, the reconsideration must be completed within the time provided to appeal that decision. It is not enough that the Council made a determination to hold a hearing on reconsideration within that time. As the Town Code provides that an appeal must be made within thirty days of the Town's oral decision, Smull contends that the Town did not act within that period. We reject both contentions.
The general rule holds that "`administrative agencies have inherent or implied power, comparable to that possessed by courts, to rehear or reopen a cause and reconsider its action or determination therein, where the proceeding is in essence a judicial one.'" Mills v. Laris Painting Co., 125 So.2d 745, 748 (Fla.1961) (quoting 73 C.J.S. Public Administrative Bodies and Procedure § 156). This power generally must be "exercised before an appeal from the original order of the administrative body has been lodged or before such order has become final by lapse of time without a timely appeal." Id. Smull argues that this rule does not apply to the Town Council because it is not an "administrative agency" under the Administrative Procedure Act. See § 120.52, Fla. Stat. (1999). However, the Administrative Procedure Act does not control the determination. Instead, Florida Rule of Appellate Procedure 9.020(a)(3) provides that "administrative action" includes "quasi-judicial decisions by any administrative body, agency, board or commission not subject to the Administrative Procedure Act." Because the Town was acting in a quasi-judicial capacity, its decision was essentially a judicial one, and it possessed the inherent power to reconsider its ruling. See Mills, 125 So.2d at 748.
As to his second contention, "Florida court[s] ha[ve] recognized an administrative power to control and modify orders by timely action `before an appeal from the original order of the administrative body has been lodged or before such order has become final by lapse of time without a timely appeal.'" Vey v. Bradford Union Guidance Clinic, Inc., 399 So.2d 1137, 1138 (Fla. 1st DCA 1981) (quoting Mills, 125 So.2d at 748). Smull argues that the time for appeal as defined in the Town Code had expired before the Council voted to reconsider its decision. The Town Code provides that "[t]he appeal of any decisions of the town council or board shall be taken within 30 days of the oral decision of the town council or board." While this section may govern an appeal to the Town Council from the Planning Board, it does not control the procedure to invoke the review jurisdiction of the circuit court, which is controlled by the Rules of Appellate Procedure. See Kowch v. Bd. of County Commr's, 467 So.2d 340, 341 (Fla. 5th DCA 1985). The Rules of Appellate Procedure "supersede all conflicting statutes and ... all conflicting rules of procedure." Fla. R.App. P. 9.010. Rule 9.190(b)(3) provides that "[r]eview of quasi-judicial decisions of any administrative body, agency, board, or commission not subject to the Administrative Procedure Act shall be commenced by filing a petition *783 for certiorari in accordance with rules 9.100(b) and (c), unless judicial review by appeal is provided by general law." According to the committee notes, Rule 9.190(b)(3) "supersedes all local government charters, ordinances, rules and regulations which purport to provide a method of review in conflict herewith."
Rule 9.100(c) provides that a petition to review quasi-judicial agency action shall be filed within thirty days of rendition of the order. "An order is rendered when a signed, written order is filed with the clerk of the lower tribunal." Fla. R.App. P. 9.020(h). In this case, there was no writing filed with the Town clerk. Therefore, the time for invoking the review jurisdiction of the circuit court had not started to run when the Town decided to reconsider its ruling. Cf. Kowch, 467 So.2d at 341. Thus, the Town had the authority to reconsider its decision to grant Smull's building permit.
Affirmed.
STONE and STEVENSON, JJ., concur.