868 So.2d 1275 (2004)
Marvin REICH, M.D., Appellant,
v.
DEPARTMENT OF HEALTH, Appellee.
No. 1D03-3119.
District Court of Appeal of Florida, First District.
March 26, 2004.
Robert J. Conroy and Kern Augustine of Conroy & Schoppmann, P.C., Bridgewater, New Jersey; Attorneys for Appellant.
Pamela H. Page, Department of Health, Tallahassee, Attorney for Appellee.
PER CURIAM.
This is an appeal from a final order of the Department of Health dismissing Appellant's *1276 motion to vacate a final order. We reverse the final order of dismissal and remand for an evidentiary hearing.
In response to administrative complaints against Appellant, a consent agreement was presented to the Board of Medicine for its consideration. The Board rejected this agreement and proposed a counter consent agreement. The attorney representing Appellant at that time sent a letter to the Board indicating that Appellant accepted the counter consent agreement. A final order was entered on January 16, 2002, incorporating the terms of the counter consent agreement. On August 23, 2002, Appellant's current attorney filed a motion to vacate the final order because Appellant never authorized his attorney to accept the terms of the counter consent agreement. On June 7, 2003, the Board dismissed the motion to vacate for lack of jurisdiction.
As a general rule, an agency has inherent or implied power to rehear or reopen a cause to reconsider the action taken therein, where the proceeding is in essence a judicial one. Smull v. Town of Jupiter, 854 So.2d 780, 782 (Fla. 4th DCA 2003). However, this power must be exercised before an appeal from the original order has been filed or before such an order has become final by the lapse of time to file a timely notice of appeal. Id. Appellant's motion to vacate the order was filed after the time for a timely notice of appeal had expired.
However, at the hearing on the motion to vacate, Appellant stated that he did not know until August 2002 that a final order was entered in this case. The final order's certificate of service shows that a copy of the order was mailed to Appellant's correct address, which creates a presumption that Appellant received the order. W.T. Holding, Inc. v. State Agency for Health Care Administration, 682 So.2d 1224, 1225 (Fla. 4th DCA 1996). However, this presumption is rebuttable. Id. Appellant's denial of receipt of the order does not automatically overcome this presumption, but it does create a question of fact that must be resolved through an evidentiary hearing. Id. The Board never provided Appellant an opportunity to prove that he did not receive the final order and that he was not on notice of entry of the final order. If Appellant was aware of the final order, his motion to vacate the final order would be untimely and the Board would have correctly determined that it was without jurisdiction to rule on the motion. However, if Appellant was unaware of the motion, the Board should have reissued the order and allowed Appellant to proceed on his motion to vacate. Id.
We therefore, reverse the dismissal of Appellant's motion and remand for an evidentiary hearing to determine whether Appellant was on notice of the entry of a final order in this case.
REVERSED and REMANDED.
BOOTH, POLSTON and HAWKES, JJ., concur.