PER CURIAM.
 

 Petitioner Thomas Eugene Thorne, after violating his parole and being returned to custody of the Florida Department of Corrections, was interviewed for setting his Presumptive Parole Release Date (PPRD) on May 31, 2007. The parole examiner recommended a PPRD of February 8, 2012. The Florida Parole Commission did not accept the recommendation and established the PPRD for February 8, 2034, in an order issued on July 27, 2007. Thorne wrote to the Commission on February 18, 2008, and asked for administrative review. He acknowledged that his request was untimely but explained that he had not received the July 27, 2007, order until January 14, 2008. The Commission denied the review request as untimely.
 

 Thorne then sought relief by filing a mandamus petition in the Circuit Court for
 
 *806
 
 Leon County. After considering the response of the Commission and petitioner’s reply to the response, mandamus was denied. Thorne timely seeks review of the circuit court’s order by writ of certiorari. We have jurisdiction in accordance with
 
 Sheley v. Florida Parole Commn.,
 
 720 So.2d 216 (Fla.1998). For the reasons set forth below, we grant the petition for writ of certiorari, quash the circuit court’s order, and remand with directions to grant the petition for writ of mandamus.
 

 Section 947.173(1), Florida Statutes, provides:
 

 An inmate may request one review of his or her initial presumptive parole release date established according to s. 947.16(1) if the inmate shows cause in writing, with individual particularities, within 60 days after the date the inmate is notified of the decision on the presumptive parole release date.
 

 Thus, the determinative fact in deciding whether Thorne’s request for review was timely was when he was “notified” of the Commission’s action. No argument is made that he received such notice other than through the July 27, 2007, order. Thorne’s claim was supported below by his circuit court petition itself (which included his statement that he did not receive the order until January 2008), properly executed under oath. He also provided the circuit court with two persuasive documents. The first, dated November 28, 2007, was an inmate request to DOC about any ruling on his PPRD. It stated that it was Thorne’s second inquiry regarding the PPRD determination. The Department’s response was that he would have been given a copy of any orders concerning his PPRD. The second inmate request, dated January 9, 2008, again asked for information regarding the PPRD determination. The response was that “there has been no communication from the Parole Commission since [the parole examiner’s] report. You will need to write them directly for an update. I have reviewed the computer and your file and there is no new information at this time.”
 

 The Commission opposed relief on two theories in the circuit court. First, Thorne signed an acknowledgement at the time of the interview which included notice that the Commission would set a PPRD within 90 days of the interview. Therefore, according to this theory, Thorne should have begun his search for the Commission’s order sooner and, if he had done so, he would have discovered it in time to timely seek administrative review. The Commission’s second argument was based on the affidavit of one of its staff members who provided “routine practice” evidence as to how such orders are executed and mailed, and described the status of Thorne’s file which indicated his order was handled in conformance with such practices.
 

 We find that, based on this evidence, denial of mandamus relief by the circuit court was a substantial departure from the essential requirements of law. The Commission’s argument regarding Thorne’s duty to inquire runs counter to its well-established responsibility to see that its orders are received by the party or parties to the cause.
 
 Jenkins v. State,
 
 603 So.2d 641 (Fla. 5th DCA 1992). Its second argument combines circumstantial evidence that an order issued pursuant to the Commission’s routine practice would tend to prove that the order was in fact mailed in accordance with that practice, and the presumption that mail which is properly addressed and delivered to postal authorities is received by the addressee.
 
 See Reich v. Dep't of Health,
 
 868 So.2d 1275 (Fla. 1st DCA 2004). However, the Commission offered no proof that the envelope containing the order was properly addressed and therefore arguably the presumption never
 
 *807
 
 arose.
 
 Star Lakes Estates Ass’n, Inc. v. Auerbach,
 
 656 So.2d 271 (Fla. 3d DCA 1995). And even if the presumption did initially arise, it was a section 90.303 presumption and did not survive in the face of Thorne’s evidence of the nonexistence of the presumed fact.
 
 See
 
 Charles W. Ehrhardt,
 
 Ehrhardt’s Florida Evidence
 
 § 303.1 (2009 ed.).
 

 In many cases of this nature, an eviden-tiary hearing will be required to determine when the recipient actually received the order.
 
 See W.T. Holding, Inc. v. Agency for Health Care Admin.,
 
 682 So.2d 1224 (Fla. 4th DCA 1996). However, here no hearing is necessary because of the failure of the Commission’s proof as discussed above and the quantum of petitioner’s proof, especially documentation by the Department of Corrections that Thorne did not receive any communication from the Commission during the time in question.
 
 See Simmons v. State,
 
 940 So.2d 1250 (Fla. 1st DCA 2006).
 

 The petition for writ of certiorari is granted and the order of the circuit court denying Thorne’s mandamus petition is quashed. We remand to the circuit court with directions to grant the petition for writ of mandamus, ordering the Florida Parole Commission to treat Thorne’s request for review as timely and act on it on the merits.
 

 PETITION GRANTED.
 

 DAVIS, ROBERTS, and ROWE, JJ., concur.